**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
In re:                                           :
                                                 :
Christopher T. Angle                             :        Case No.: 09-51872
                                                 :        Chapter 11
               Debtor.                           :
_____X

Christopher T. Angle,                            :
               Plaintiff,                        :
                                                 :
     -v-                                         :        Adv. Pro. No.: 10-5051
                                                 :
L.A. Limousine of Greenwich, LLC,                :
Jean C. Jean, and
L. Alberto Uribe,
               Defendants.
_____X

*Appearances:*

Christopher Angle                                :        Plaintiff, *Pro Se*
19 Top Ledge Road                                :
Redding, CT 06890                                :

Daniel Shepro, Esq.                              :        For the Defendants
Shepro & Hawkins, LLC                            :
2051 Main Street                                 :
Stratford, CT 06615                              :

MEMORANDUM AND ORDER

On May 21, 2010, the Plaintiff-Debtor, Christopher Angle, commenced this

adversary proceeding, *pro se*, seeking a determination that assets of a Connecticut

corporation are property of his bankruptcy estate.  (*See* doc. #1.)  For the reasons that follow, judgment shall enter in favor of the Defendants.

In October 2005, Angle and Defendants Jean and Uribe filed Articles of Organization with the Office of the Connecticut Secretary of the State, forming L.A. Limousine of Greenwich, LLC ("LA LLC") for the purpose of purchasing L.A. Limousine, Inc. ("LA INC"), which was owned by Mr. Charles J. Lovetri, II.  Even if that purchase had been completed, LA LLC, not Angle's bankruptcy estate, would be the owner of LA INC and its assets.  But, as Angle conceded in response to an inquiry from the Court, the sale was not completed.  That response is consistent with the evidence adduced at trial.

Prior to the closing of the sale, scheduled for November 30, 2005, Defendant Jean informed Angle and Defendant Uribe that he would not participate in the purchase of LA INC.  On November 30, 2005, Defendant Uribe came to the closing, but left because he had a dispute with Lovetri.  Attorney Ridley Brown attended the closing and executed closing documents on behalf of Angle.  He left the closing with the original closing documents in order to obtain Defendant Uribe's signature.  That effort was not successful.

Notwithstanding that evidence and Angle's concession that the sale was not completed, Angle claims that the assets of LA INC are property of his bankruptcy estate because during his telephone conversation with Lovetri, Angle was given control of LA INC.  On the basis of that alleged control, Angle further claims he established a sole proprietorship which operates LA INC's business.  There is no documentary or corroborating testamentary evidence to support those claims.

That aside, Angle confuses control and ownership.  He cannot own LA INC, or any part of it, simply because he has attempted to operate it.  Since the purchase of LA INC was not completed, neither LA LLC nor Angle, as a member of that entity, has an ownership interest in LA INC or its assets.  Accordingly, judgment shall enter in favor of the Defendants.

For the foregoing reason, Judgment shall enter in favor of the Defendants, and IT IS SO ORDERED.

This memorandum constitutes the Court's findings of fact and conclusions of law.

Dated this 27th day of October 2010 in Bridgeport, Connecticut.

Alan H. W. Shiff
United States Bankruptcy Judge